# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| KENNY SOUTHARD, | ) |
| Petitioner, | ) ) |
| v. | ) Case No. 5:21-cv-1684-MHH-GMB |
| WARDEN GIVENS, *et al.*, | ) ) |
| Respondents. | ) ) |

## MEMORANDUM OPINION

On October 26, 2022, the Magistrate Judge entered a report (Doc. 11) in which he recommended that the Court dismiss Kenny Southard's petition for writ of habeas corpus with prejudice. The Magistrate Judge found that the petition is untimely, that statutory and equitable tolling do not apply, and that Mr. Southard has not met the stringent standard to trigger the actual innocence exception for review of an otherwise time-barred claim. (Doc. 11). Mr. Southard has objected to the findings that equitable tolling does not apply and that he cannot establish his actual innocence on the record before the Court. (Doc. 12).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district judge must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to

which objection is made." 28 U.S.C. § 636(b)(1); *see also* FED. R. CRIM. P. 59(b)(3) ("The district judge must consider *de novo* any objection to the magistrate judge's recommendation."). A district court's obligation to "'make a de novo *determination* of those portions of the report or specified proposed findings or recommendations to which objection is made,'" 447 U.S. at 673 (quoting 28 U.S.C. § 636(b)(1)), requires a district judge to "'give *fresh consideration* to those issues to which specific objection has been made by a party,'" 447 U.S. at 675 (quoting House Report No. 94-1609, p. 3 (1976)). *United States v. Raddatz*, 447 U.S. 667 (1980) (emphasis in *Raddatz*).

In his objections, Mr. Southard contends that the Court should apply equitable tolling because he did not know the law and mistakenly believed that he waived his right to a post-conviction appeal. (Doc. 12, pp. 3, 6–7). As the Magistrate Judge explained in his report, an inmate's lack of legal knowledge, failure to understand legal principles, inability to recognize potential claims, or ignorance of filing deadlines does not warrant equitable tolling. *See, e.g.*, *Wakefield v. R.R. Ret. Bd.*, 131 F.3d 967, 969–70 (11th Cir. 1997) (explaining that *pro se* status and ignorance of law are not factors that support the rarely employed relief of equitable tolling of the statute of limitations).

Mr. Southard also contends that he is actually innocent of the crimes to which he pleaded guilty and points to evidence that purportedly exonerates him. (Doc. 12,

pp. 1, 4–6). The Magistrate Judge properly explained that the actual innocence exception to AEDPA's statute of limitations applies only when "new reliable evidence" shows "it is more likely than not that 'no reasonable juror' could have convicted" the petitioner. *Schlup v. Delo*, 513 U.S. 298, 324, 329 (1995). As Mr. Southard admits in his objections, the evidence he cites to support his assertion of actual innocence was available when he pleaded guilty to the charges against him. (*See* Doc. 12, p. 5). Consequently, Mr. Southard's petition does not qualify for this narrow exception to the statute of limitations.

Accordingly, the Court overrules Mr. Southard's objections. Having considered the record in this case, the Court adopts the Magistrate Judge's report and accepts his recommendation. By separate order, the Court will dismiss Mr. Southard's petition for writ of habeas corpus with prejudice.

A district court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). Mr. Southard's claims do not satisfy either standard, so the Court will not issue a

certificate of appealability. If Mr. Southard wishes to appeal, he must request a certificate of appealability from the Eleventh Circuit Court of Appeals. Fed. R. App. P. 22(b); 11th Cir. R. 22-1(b).

**DONE** and **ORDERED** this December 22, 2022.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE